O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON OLIVE,<br><br>            Plaintiff,<br>    v.<br><br>GENERAL NUTRITION CENTERS, INC., a Delaware Corporation, and DOES 1–10, Inclusive,<br><br>            Defendants. | Case No. 2:12-cv-04297-ODW (PLAx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**<br><br>`cc: order, docket, remand`<br>`letter to Los Angeles Superior`<br>`Court, No. BC 482686` |

## I.     INTRODUCTION

The Court is in receipt of General Nutrition Center Inc.'s ("GNC") Notice of Removal. (ECF No. 1.) Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court concludes that it lacks subject matter jurisdiction over this case. Thus, the case is **REMANDED** to the Los Angeles Superior Court.

## II.     FACTUAL BACKGROUND

On April 11, 2012, Plaintiff filed this action in state court for (1) common law misappropriation of likeness; (2) statutory misappropriation of likeness in violation of California Civil Code section 3344; and (3) restitution for unjust enrichment. (Notice of Removal Ex. A.) The action arose from a contract dispute between Plaintiff, an actor and model, and GNC, a nutritional supplement vendor. (Notice of Removal Ex. A.) Plaintiff alleges GNC violated his rights by continuing to use promotional materials with Plaintiff's likeness three months after the contract expired without

compensating Plaintiff accordingly.  (Compl. ¶ 8.)  Defendant filed a notice of removal to this Court on May 17, 2012, and subsequently filed an answer on May 30, 2012.  (ECF Nos. 1, 6.)  Regarding damages, Plaintiff alleges GNC's "conduct . . . constitute[d] fraud, and/or malice under California Civil Code [section] 3294, entitling [him] to . . . punitive damages."  (Compl. ¶ 15.)  Plaintiff also seeks actual and statutory damages, attorneys' fees, and injunctive relief.  (Notice of Removal ¶ 12.)

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.  Courts typically strictly construe removal statutes against removal.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Accordingly, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).  Because § 1441(b)(1) provides that the citizenship of defendants sued under fictitious names must be disregarded for the purposes of removal, the Court will only address the named defendant: GNC.  GNC explicitly grounds its removal petition on diversity of citizenship.  (Notice of Removal ¶ 3.)

To exercise diversity jurisdiction, a federal court must find complete diversity among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs.  28 U.S.C. § 1332(a).  *Owen*, 437 U.S. at 373.  It is well-settled that the "party seeking removal must prove with legal certainty that

1  the amount in controversy is satisfied, notwithstanding the prayer for relief in the
2  complaint." *Lowdermilk*, 479 F.3d at 995 (internal quotation marks omitted).
3  Although not insurmountable, "[t]he 'legal certainty' standard sets a high bar for the
4  party seeking removal." *Id.* at 1000. Under the legal certainty standard, the pecuniary
5  threshold is surpassed when it is "facially apparent from the complaint that the
6  jurisdictional amount is in controversy." *Id.* at 998 (citing *Abrego v. Dow Chem. Co.*,
7  443 F.3d 676, 690 (9th Cir. 2006) (internal quotation marks omitted)). In actions
8  seeking injunctive relief (as here), "the amount in controversy is measured by the
9  value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432
10 U.S. 333, 347 (1977).

11 When the plaintiff "does not specify the amount of damages [or value of
12 injunctive relief] sought, the removing defendant must prove by a preponderance of
13 the evidence that the amount in controversy requirement has been met." *Abrego*, 443
14 F.3d at 682–83 (citing *Gaus*, 980 F.2d at 566–67). If the statutory amount is not
15 readily apparent from the complaint "the court may consider *facts* in the removal
16 petition, *Abrego*, 443 F.3d at 690 (emphasis added), and it may "require parties to
17 submit summary judgment-type evidence relevant to the amount in controversy at the
18 time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th
19 Cir. 2007) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir.
20 1995)).

21 Finally, "[i]n ordinary diversity cases, a request for [an attorney] fee cannot
22 [usually] be included in . . . the jurisdictional amount." *Lowdermilk*, 479 F.3d at 1000
23 (internal quotation marks omitted). "Where an underlying statute authorizes an award
24 of attorneys' fees," however, "such fees *may* be included." *Galt G/S v. JSS*
25 *Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (emphasis added). But even
26 when including attorneys' fees, the court "cannot base [its] jurisdiction on
27 Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Ultimately,
28 the defendant must overcome "the strong presumption against removal jurisdiction"

by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000.  *Gaus*, 980 F.2d at 567.

## IV.  DISCUSSION

Because Plaintiff did not specify the amount of damages, GNC had to "prove by a preponderance of the evidence that the amount in controversy requirement [was] met."  443 F.3d at 690.  Although GNC correctly noted that the Court "may look beyond the complaint to determine" this (Notice of Removal ¶ 11 (quoting *Abrego*, 443 F.3d at 690)), it nonetheless did not present any "*underlying facts* supporting its assertion that the amount in controversy exceed[ed]" $75,000.  *Gaus*, 980 F.2d at 567.  Merely speculating "upon information and belief, [that] the amount in controversy exceeds" $75,000 is insufficient.  (Notice of Removal ¶ 3.)

GNC cites numerous California cases where juries awarded plaintiffs with similar claims damages above $75,000.  (Notice of Removal ¶ 12.)  The authority GNC cited, however, is unavailing regarding the probable value of the case at bar.  Instead, GNC needed to proffer "summary judgment-type evidence relevant to the amount in controversy at the time of removal."  *Allen*, 63 F.3d at 1335–36.

Regarding attorneys' fees, GNC aptly noted that such fees "may be considered in determining the amount in controversy where allowed by law."  (Notice of Removal ¶ 12 (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).)  The relevant California statute here expressly awards attorneys' fees to the prevailing injured party.  Cal. Civ. Code § 3344(a).  But even including attorneys' fees in the calculation leaves the Court to speculate regarding the ultimate amount in controversy, and this does not meet the legal certainty standard.  *See Lowdermilk*, 479 F.3d at 1002.  GNC had to overcome the strong presumption against removal with *facts* because the Court cannot base its jurisdiction on Defendant's conjecture.  *Gaus*, 980 F.2d at 567; *Lowdermilk*, 479 F.3d at 1002.  Far from meeting this standard, GNC failed to present

any pleading, evidence, or admission establishing more likely than not that jurisdiction lies in this Court.  443 F.3d at 691–92.

GNC's position is particularly anemic when viewed in light of Plaintiff's alleged actual and statutory damages.  California Civil Code section 3344(a) provides for statutory damages "equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered . . . as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use."  Here, Plaintiff's underlying yearly fee for the use of his likeness is $4,800, of which $800 or 20% goes to his agency.  (Compl. ¶ 8.)  The contract term expired January 12, 2012.  *Id.*  Even liberally accounting for GNC's profits "attributable to the use" of Plaintiff's likeness for this short period, the Court is hard-pressed to find support, by a preponderance of the evidence, that the threshold amount in controversy in this case is met.

Plainly, GNC has not provided enough facts beyond the speculative level for this Court to ascertain the "value of the object of the litigation"—whether concerning its prayer for damages or injunctive relief.  *Hunt*, 432 U.S. at 347.  Therefore, the Court holds that subject matter jurisdiction in federal court fails in this case at this time.

## V.   CONCLUSION

In light of the foregoing, the Court **REMANDS** this case to the Los Angeles County Superior Court.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 5, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**